## MOY SIE TIGHE v. FARGO.

(Supreme Court, Special Term, New York County. November 18, 1908.)

1. PLEADING (§ 203*)—DEMURRER—SCOPE OF INQUIRY.

On demurrer to a complaint on a check, the Supreme Court will not determine, from an inspection of the check, whether it was payable to "Tong Sing Wo Kee" or "Long Sing Wo Kee."

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 482, 483; Dec. Dig. § 203.*]

2. BILLS AND NOTES (§ 23*)—NATURE OF INSTRUMENT.

Delivery in New York by an express company of an instrument directing a bank at Hong Kong to pay to one named therein a specified sum in local currency, "on presentation of this check, from our balance," did not constitute a sale of a chattel, but an agreement to repay at Hong Kong out of the company's balance a sum deposited for the payee with the company in New York.

[Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 23.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. BILLS AND NOTES (§ 23*)—INSTRUMENT AS CHATTEL—SELLER'S LIABILITY—
   TERMINATION.

   If an instrument calling for a payment was a chattel, the drawer's responsibility ended with its delivery.

   [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 23.*]

4. BILLS AND NOTES (§ 469*)—CHECKS—ACTION ON—COMPLAINT—SUFFICIENCY.

   A complaint, alleging execution and delivery by defendant of an instrument directing a bank at Hong Kong to pay one named therein a specified sum in local currency, "on presentation of this check, from our balance"; that the instrument was mailed by registered letter to one Tong Sing Wo Kee, to whom it was not delivered, coming into another's possession, who obtained payment thereon as "Long Sing Wo Kee," at a time when the instrument was in a "battered condition"; and that payment of a duplicate was thereafter refused by the bank—states a cause of action, sufficiently raising the question whether the instrument was presented in "due course."

   [Ed. Note.—For other cases, see Bills and Notes, Dec. Dig. § 469.*]

Action by Moy Sie Tighe against James C. Fargo, as president of the American Express Company. Defendant's demurrer to the complaint overruled.

Max J. Kohler, for plaintiff.
Carter, Ledyard & Milburn, for defendant.

DAYTON, J. The plaintiff for his first cause of action alleges the execution and delivery by the defendant of a certain instrument described as a "check." This instrument directs the Chartered Bank of India, Australia & China, at Hong Kong, to pay to the individual therein named $1,800 local currency, "on presentation of this check, from our balance." The plaintiff further alleges that the instrument was mailed by registered letter to one Tong Sing Wo Kee at Hong Kong, but that it was not delivered to the said Tong Sing Wo Kee, but came into the possession of some other person, who received payment on an indorsement of "Long Sing Wo Kee," at which time the said instrument was in a "battered condition," and that payment of a duplicate was thereafter refused by the "Chartered Bank" above named.

The original instrument was presented on the argument, and I am asked to say, as matter of fact, from an inspection, whether it is payable to "Tong" or "Long" Sing Wo Kee. This seems to be a novel proposition. My decision as to this would, on appeal, invite the Appellate Division to exercise its knowledge as to handwriting, and that without the benefit of comparison or any testimony. It seems to me that this request may not be complied with. It is certain from the pleadings that this instrument was intended for Tong Sing Wo Kee, and was mailed to him. It reached a stranger to the transaction, and in a more or less mutilated condition was presented by and paid to a stranger 60 days after the date of mailing. So far as I may comment upon the appearance of the instrument, I should say that the bank was put upon inquiry, particularly if presentment was made considerably after a "due course" period.

I think this transaction was not the sale of a chattel, but an agree-

ment to repay at a distant point, out of defendant's balance, a particular sum deposited here for Tong Sing Wo Kee with the defendant. If this instrument could be considered a chattel, then all defendant's responsibility ended when it was delivered. Safe banking cannot be predicated upon such a theory. The defendant, however, claims that the Hong Kong banking law relieves the Chartered Bank from responsibility, and that the defendant is also protected by the provisions of that law on the ground that the law of the place of performance, in this case the place of payment, governs. Assuming this proposition to be true, it will still be observed that the protection of the Hong Kong law can only be invoked when the bank "pays the bill in good faith and in the ordinary course of business."

The stipulation of the parties to this action, while excluding any contention of negligence on the part of the defendant from the first cause of action, reserves the right to have determined "the manner in which and the circumstances under which the instrument was drawn and paid,  *  *  *  if material in determining whether or not the payment of the instrument was made in due course." It would seem, from a consideration of the facts already cited, that whether or not this instrument was presented in "due course" is a question of fact, which it may be necessary to decide in order to determine the legal rights of the parties. The question is specifically presented by the plaintiff in the first cause of action, to which the defendant has demurred for insufficiency.

I think the demurrer must be overruled, will leave to defendant to answer over upon the usual terms.